IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

CORDELL HILL,                 *

        Plaintiff,       *

v.                            *   Civil Action No. AW-05-1388

J. GALLEY, et al.,            *

        Defendants.      *
\* \* \* \* \*

## MEMORANDUM OPINION

This action involves a *pro se* suit brought by Cordell Hill ("Hill" or "Plaintiff") against J. Galley, Tichnell, Helmick, McKenzie, Riggleman, and Zang ("Defendants") pursuant to 42 U.S.C. § 1983. Currently pending before the Court is Plaintiff's Motion for the Appointment of Counsel [11]. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004).

Plaintiff is an inmate within the Maryland Division of Corrections. Plaintiff is currently incarcerated at the Western Maryland Correctional Institute ("WMCI") in Cumberland, Maryland. Plaintiff's *pro se* Complaint alleges that, on June 30, 2004, Plaintiff was stabbed in his left hand while incarcerated within WMCI's Housing Unit Five. Plaintiff alleges that the incident and subsequent threats indicate that his life is in danger while he is resident in Housing Unit Five, and that Defendants refuse to move Plaintiff to another housing unit. In their Answer to Plaintiff's Complaint, Defendants indicate that Plaintiff's wound was only superficial and Plaintiff's life is not in danger.

In prisoner civil rights cases, such as the present Section 1983 suit, there is a presumption

SCANNED

against appointment of counsel except in exceptional circumstances. *See U.S. v. $27,000.00, More or Less in U.S. Currency*, 865 F.Supp. 339, 340 (S.D.W.Va. 1994). In making this determination, courts may consider whether a plaintiff has a colorable claim, the nature and complexity of the factual issues, and the capability of the plaintiff to represent his claim without the assistance of counsel. *See id.*

Here, the factual issues raised by Plaintiff's Complaint are singular and straightforward, and the Court finds that Plaintiff has adequately represented himself up until this point without the assistance of counsel. As such, the Court will deny Plaintiff's Motion for the Appointment of Counsel, without prejudice to Plaintiff reasserting his motion as the case develops. An Order consistent with this Opinion will follow.

Date: August 16, 2005

Alexander Williams, Jr.
United States District Court