**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CORDELL HILL | : | |
| Plaintiff | : | |
| v | : | Civil Action No. AW-05-1388 |
| JON GALLEY, *et al.* | : | |
| Defendants | : | |

o0o

**MEMORANDUM**

Pending in the above-captioned civil rights action is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 13. Plaintiff filed a pleading in opposition to Defendants' response to this Court's Order to Show Cause. Paper No. 10. Because the pleading is made under oath, it shall be construed as a response in opposition to summary judgment. For the reasons more fully set forth below, Defendants' Motion shall be denied.

**Background**

Plaintiff, an inmate at Western Correctional Institution (WCI), alleges he was stabbed by another inmate on June 30, 2004, while he was returning from the recreation yard. Paper No. 1. Plaintiff claims that the attack was an attempt on his life which he was able to thwart, sustaining a wound to his left hand while defending himself. Paper No. 10. Plaintiff alleges he identified his assailant by name to prison staff immediately after the incident. *Id*. He further claims that after he received medical attention for his injury and a brief stay in administrative segregation, he was ordered to return to the same housing unit where the assault took place. *Id*. He claims his assailant, Robert Hill, was assigned to that housing unit and he therefore refused to accept the housing assignment. *Id*. Based on that refusal, Plaintiff was found guilty of an institutional infraction and assigned to disciplinary segregation. *Id*. Because Plaintiff has continued to refuse

to accept assigned housing, he has continued to receive institutional infractions and has remained on disciplinary segregation since June, 2004. *Id*.

Based on Plaintiff's claim that his life was endangered, this Court issued an Order to Show Cause why the requested injunctive relief should not be granted. Paper No. 4. In the response to that Order, Defendants assert that Plaintiff's allegation that he was stabbed could not be substantiated by an investigation initiated shortly after the incident. Paper No. 7 at Ex. 1. There were no institutional disciplinary proceedings related to the alleged stabbing and the "injury" sustained by Plaintiff is described by Defendants as a superficial non-bleeding wound that was inconsistent with the reported assault. *Id*. at p. 4 and Ex. 4. They admit that Plaintiff has been assigned to disciplinary segregation based on his refusal to accept a housing assignment in Housing Unit 5 where his alleged assailant resides.[1] Defendants claim, however, that there is no basis to believe that Plaintiff was actually assaulted or that his life is currently threatened by another inmate in Housing Unit 5. *Id*. Instead, they claim that Plaintiff is attempting to manipulate prison officials to provide him with a transfer to another prison. *Id*. In their Motion to Dismiss or for Summary Judgment Defendants' again claim there is nothing to substantiate Plaintiff's claim that he was assaulted or that his life is endangered by another inmate in Housing Unit 5. Paper No. 13.

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R.

[1] Based on the fact that Plaintiff was not currently housed in the same area of the prison as his alleged assailant, this Court denied injunctive relief. Paper No. 12.

Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

**Analysis**

In order to prevail on an Eighth Amendment claim based upon a failure to protect from violence, Plaintiff must establish that Defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one

prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833– 34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837; *see also Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997).

Where there is a genuine dispute of material fact, summary judgment is unavailable. In the instant case, Plaintiff claims under oath that another inmate attempted to stab him. Paper No. 10. Moreover, Plaintiff's continued refusal to accept housing in the same housing unit as his alleged assailant to his detriment is supportive of his claim.[2] Defendants rely chiefly on a medical report stating that Plaintiff's injury was superficial and inconsistent with his claim that he was attacked to conclude that the assault did not take place. In addition they point out that no disciplinary reports were written as a result of the alleged assault. The investigative report submitted by Defendants, however, contains no indication that Plaintiff's alleged assailant was ever interviewed or contacted by prison officials. Paper No. 13 at Ex. 5, pp. 3 – 4. Finally, there has been no evidence submitted by Defendants which would lead to the conclusion that the assault could not have taken place as described by Plaintiff. The report made by Plaintiff to

---

[2] As a result of the institutional infractions Plaintiff has received, he has lost diminution of confinement credits, forcing him to serve more of his sentence than he otherwise would have been required to serve. In addition, his minimum security status is jeopardized by the accumulation of disciplinary infractions. *See* Paper No. 13 at Ex. 5.

prison officials was not vague and included the identification of his assailant. The fact no disciplinary proceedings were initiated against Plaintiff's alleged assailant is irrelevant to the issue of whether or not there is a known risk of harm to Plaintiff which Defendants have refused to address. Whether Defendants have refused to seriously consider Plaintiff's claim that he was assaulted is a genuine dispute of material fact and precludes the granting of summary judgment in their favor.

Accordingly, Defendants' Motion for Summary Judgment[3] shall be denied by separate Order which follows.

January 4, 2006
Date

/s/
Alexander Williams, Jr.
United States District Judge

[3] Plaintiff previously filed a Motion for Appointment of Counsel which was denied by this Court without prejudice. Paper No. 15 and 16. In the event Plaintiff still desires appointment of counsel, Plaintiff is advised to renew that motion.